U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 1 1 2016

TONY R. MOORE  CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH B. GAINES,<br>Plaintiff | CIVIL ACTION NO. 1:13-CV-0576 |
| VERSUS | CHIEF JUDGE DRELL |
| TECHLINE, INC.,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion to Quash Subpoena and Request for Sanctions filed by Defendant, Techline, Inc. ("Techline"). (Doc. 73). Techline seeks quashal of a subpoena (Doc. 73-2) (the "Subpoena") dated February 23, 2016, and purportedly served upon Defendants on February 25, 2016. Techline further seeks an award of costs and fees incurred in filing the Motion to Quash.

For the reasons detailed below, Techline's Motion is hereby GRANTED IN PART AND DENIED IN PART.

I. Background

Plaintiff, Kenneth B. Gaines ("Gaines"), filed this employment discrimination lawsuit on March 20, 2013. (Doc. 1). More than three months after filing the lawsuit, Gaines moved to extend the deadline to submit a plan of work, which would become the scheduling order in the case. (Doc. 5). Two weeks later, the parties jointly moved to extend the deadline again. (Doc. 9). Following these two extensions, the Court set the original discovery deadline for April 11, 2014. (Doc. 15).

1

Subsequently, Gaines requested, and was granted, three extensions of the discovery deadline. (Docs. 23, 28, 37). Meanwhile, Techline filed two motions to compel discovery, both of which were granted. (Docs. 31, 49).

Upon request by both parties, the Court stayed the case (Doc. 56) for approximately seven months (Doc. 62). The Court then lifted the stay and set a third and final discovery deadline of February 29, 2016. (Doc. 67).

In late February 2016, the parties took depositions. On February 25, 2016, Gaines served counsel for Techline with the Subpoena. The Subpoena seeks production of five categories of documents. The Subpoena's return date is February 29, 2016 – the discovery deadline.

On March 17, 2016, the Court conducted a telephone hearing on the Motion. (Doc. 78). During that hearing, the parties indicated that all but two of the requests in the Subpoena had been resolved. The two remaining requests are for: (1) driver logs and driver manifests for J.W. McKee ("McKee"), a Techline employee; and (2) driver logs and driver manifests for Leo Ladner ("Ladner"), another Technline employee. Counsel for Gaines indicated that, before sending the Subpoena, she had previously propounded discovery requests for the referenced documents.[1]

Also during the hearing, the Court set subsequent briefing deadlines, and emphasized that counsel for Gaines should file any discovery requests propounded to Techline before the Subpoena which sought production of the documents mentioned

---

[1] In the Opposition brief, counsel for Gaines again indicates that "she had sent Techline [the discovery requests] almost two years before, on March 21, 2014." (Doc. 79, p. 2). Counsel for Techline denies ever receiving those discovery requests. (Doc. 80, p. 2). Neither party has produced any evidence that these discovery requests were ever sent to Techline, if they exist at all.

2

in the Subpoena. (Doc. 78). Briefing is now complete. Counsel for Gaines submitted no prior discovery requests.

## II. Law and Analysis

### A. The Motion to Quash

Under Rule 45(d)(1) of the Federal Rules of Civil Procedure, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Court may "quash or modify a subpoena that . . . fails to allow a reasonable time to comply . . . or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). A subpoena issued for discovery purposes must also comply with the discovery limitations of Fed. R. Civ. P. 26. See Jones v. Steel Fabricators of Monroe LLC, CIV.A. 14-3175, 2015 WL 5676838, at *3 (W.D. La. Sept. 25, 2015) report and recommendation adopted, CIV.A. 14-3175, 2015 WL 6023143 (W.D. La. Oct. 14, 2015).

Although Rule 45 contains no minimum number of days for compliance, the 14-day objection period in Rule 45(d)(2)(B) is generally considered reasonable. See Nguyen v. Louisiana State Bd. of Cosmetology, CV 14-80-BAJ-RLB, 2016 WL 320152, at *2 (M.D. La. Jan. 26, 2016). While the circumstances of a particular case may justify a shorter compliance period, courts generally quash subpoenas which allow less than 14 days for compliance. See id. (8 and 16 days to produce documents); see also Hall v. Louisiana, CIV.A. 12-657-BAJ, 2014 WL 1652791, at *11 (M.D. La. Apr. 23, 2014) (between 12 and nine days for third parties to produce documents); Tucker

3

v. Tangipahoa Par. Sch. Bd., CIV A 06-3818, 2007 WL 1989913, at *2 (E.D. La. July 3, 2007) (six days' notice of a deposition).

In this case, the Subpoena allowed Techline only three days to comply. The compliance period was plainly unreasonable. In addition, the requests for documents in the Subpoena were markedly broad. Had Techline attempted to respond to the Subpoena within the designated compliance period, the burden would have been significant.

However, Techline did not respond to the Subpoena as written. Instead, Techline declined to produce documents within the discovery deadline. Techline later voluntarily complied with portions of the Subpoena and produced some documents well after the compliance deadline. Counsel resolved other portions of the Subpoena by subsequent discussion, leaving only the driver logs and driver manifests of two Techline employees still at issue.

Techline maintains that there are no driver logs or manifests for the first listed employee, Ladner. Techline argues the driver logs and manifests for the second listed employee, McKee, are irrelevant because Gaines has failed to obtain his own driver logs and manifests, and therefore, cannot compare his own to those of McKee. While this fact may limit the usefulness of McKee's records, it does not mean that the records are not discoverable.

Under the unique circumstances of this case, the Court is obliged to apply two of the remedies available under Fed. R. Civ. P. 45. The Court quashes all portions of the Subpoena except the request for production of McKee's driver logs and manifests.

4

The Court modifies the Subpoena to require production of McKee's driver logs and manifests within 14 days of the date of this Order.

### B. The Request for Sanctions

The Court "must enforce [the duty 'to avoid imposing undue burden or expense on a person subject to the subpoena'] and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). Under this provision, Techline seeks an award of expenses and attorneys' fees incurred in filing the Motion to Quash.

Techline voluntarily complied with portions of the Subpoena after filing the Motion to Compel. Further, Techline did not comply with the return date of the Subpoena. Techline's filing of the Motion to Compel – in lieu of other alternatives available to Technline – was arguably reasonable. But it was not necessary. Techline could have, and should have, simply objected to the Subpoena as provided under Fed. R. Civ. P. 45(d)(2)(B). Gaines would have then been forced to move for an order compelling Techline to comply with the Subpoena under Fed. R. Civ. P. 45(d)(2)(B)(i).

The Court certainly finds Gaines's issuance of the Subpoena dilatory and misguided.[2] But under these particular circumstances – given the absence of an actual compliance burden suffered by Techline, and the fact that Techline could have readily avoided filing the Motion to Compel – sanctions are not warranted. See, e.g.,

---

[2] Further, as described above, Gaines has exhibited a consistent inability – or unwillingness – to participate in reciprocal discovery. The Court has twice compelled Gaines to respond to Techline's discovery requests. And the Court has afforded Gaines multiple extensions of the discovery deadline. Gaines's pattern of dilatory discovery practice in this case supports Techline's request for sanctions. The Court declines to award sanctions only by strictly construing its sanctioning authority.

5

Herrington v. Babcock Law Firm, L.L.C., CIV.A. 14-MC-31-JJB, 2014 WL 4996182, at *4 (M.D. La. Oct. 7, 2014) (denying a request for sanctions where third-party movants "unnecessarily moved to quash the subpoenas and subsequently chose to partially comply").

Accordingly, IT IS ORDERED that the Motion to Quash Subpoena and Request for Sanctions filed by Defendant, Techline, Inc. ("Techline") (Doc. 73) is hereby GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that all portions of the Subpoena (Doc. 73-2) except the portion requesting production of J.W. McKee's driver logs and manifests.

IT IS FURTHER ORDERED that Techline, Inc. shall produce J.W. McKee's driver logs and manifests to counsel for Plaintiff within 14 days of the date of this Order.

IT IS FURTHER ORDERED that the request for sanctions by Techline, Inc. is hereby DENIED.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 11th day of April, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge