UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH B. GAINES | CIVIL ACTION 1:13-CV-00576 |
| VERSUS | JUDGE DRELL |
| TECHLINE, INC. | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Review and Dismiss Costs filed by Plaintiff Kenneth B. Gaines ("Gaines") (Doc. 131). The Clerk of Court taxed costs submitted by Defendant Techline, Inc. ("Techline") against Gaines as the losing party in this action (Doc. 130). Gaines's motion (Doc. 131) is denied.

I. Gaines's Motion to Review and Dismiss Costs

Gaines contends Techline's Bill of Costs should be reduced or denied because he lost his primary source of income when he was terminated from Techline, he was laid off from his church as a clergyman because of poor health, and he has been unable to obtain new employment (Doc. 131-2). Gaines contends he is in financial distress and his unfortunate circumstances are serious enough to justify the Court's exercise of its discretion in dismissing or reducing the amount of costs to be awarded to Defendants under Fed. R. Civ. P. rule 54(d)(1).

Defendants argue they are the prevailing party, this case has been pending more than four years, and Gaines had a lot of time to evaluate whether he wanted to

continue to proceed and risk being assessed costs in the event he was the non-prevailing party (Doc. 134).

## II. Law and Analysis

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." The trial court has broad discretionary powers in taxing costs, but its decision may be overturned if it abuses that discretion. See Walters v. Roadway Exp., Inc., 557 F.2d 521, 526 (5th Cir. 1977) (citing Harrington v. Texaco, Inc., 339 F.2d 814 (5th Cir. 1964), cert. denied, 381 U.S. 915 (1965)); see also Schwarz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985). While the rule does not prevent a trial court from requiring a prevailing party to bear its own costs, "the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption . . . (since) denial of costs . . . is in the nature of a penalty for some defection on his part in the course of the litigation." See Walters, 557 F.2d at 526 (citing Popeil Brothers v. Schick Electric, Inc., 516 F.2d 772, 775 (7th Cir. 1975)). Accordingly, when a trial court exacts such a penalty, it should state reasons for its decision. See Walters, 622 F.2d at 166 (prevailing defendant was taxed with come costs where court had the "distinct impression" that the cost of compiling the information was inflated by defendant's lack of diligence, and plaintiffs' cost of litigation was increased by the time and effort expended in this matter).

The losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party. See Pacheco v. Mineta, 448 F.3d 783, 795 (5th Cir. 2006), cert. den., 549 U.S. 888 (2006); see also Wade v. Peterson, 416 Fed. Appx. 354, 356 (5th Cir. 2011), cert. den., 565 U.S. 987 (2011). In the Fifth Circuit, courts may, but are not required to, excuse a losing party from paying costs only if he brought suit in good faith and can demonstrate at least one additional factor, such as:

(1) the losing party's limited financial resources;
(2) misconduct by the prevailing party;
(3) close and difficult legal issues presented;
(4) substantial benefit conferred to the public;
(5) the prevailing party's enormous financial resources.

See Pacheco, 448 F.3d at 794.

The Fifth Circuit has also held that reducing or eliminating costs to the prevailing party based on its wealth is impermissible as a matter of law. Moore, 735 F.3d at 320 ("[t]he fact that the prevailing party is substantially more wealthy than the losing party is not a sufficient ground for denying or limiting costs to the prevailing party"); see also McKay v. Novartis Pharm. Corp., 2014 WL 12703992, *3 (W.D. Tex. 2014).

The question of what role "limited resources" play in reducing an award has not been decided by the Fifth Circuit. Moore v. CITGO Ref. & Chemicals Co., L.P., 735 F.3d 309, 320 (5th Cir. 2013). In Jurach v. Safety Vision, LLC, 2015 WL 893178, at *2 (S.D. Tex. 2015), the court found there was a basis for reducing the cost award based on Jurach's limited financial resources, the nature of the case, and her good faith in filing it. But see King v. LaBelle, 2014 WL 6674091, at *2 (S.D. Tex. 2014)

3

(plaintiff's assertions as to his limited resources-not reaching the level of indigence-are not enough to justify disallowing costs to Defendants); see also Smith v. Southeastern Pa. Transp. Authority, 47 F.3d 97, 99–100 (3d Cir.1995) (holding the plaintiff's limited resources did not justify reducing the amount of the cost award, when it did not exceed what plaintiff was able to pay).

Most circuits hold that a substantiated claim of the losing party's indigence may justify a reduction of costs. See Moore, 735 F.3d at 320 n.9 (citing 10 James W. Moore, Moore's Federal Practice § 54.101[1][b], at 54–157 (3d ed. 2013)). However, the Fifth Circuit has noted that § 1915 "indicates that Congress intended for qualified litigants to be able to proceed without advancing costs, but that they may be ultimately liable for costs." Washington v. Patlis, 916 F.2d 1036, 1039 (5th Cir. 1990); see also Petri v. Kestrel Oil & Gas Props., L.P., 2013 WL 265973, at *7 (S.D. Tex. 2013) (holding "indigence is not a reason to permit a losing party to avoid costs"); Trotta v. Cajun Conti LLC, 2017 WL 2840006, at *1 (E.D. La. 2017) (Trotta's limited financial resources, in addition to proceeding in good faith, is not enough to defeat Rule 54's presumption); Williams v. J.B. Hunt Transp., Inc., 2016 WL 4445442, at *4 (S.D. Tex. 2016) (plaintiff presented no evidence of his inability to pay other than his self-serving statement that he has "limited resources," which is insufficient to support a claim of indigence); Hartnett v. Chase Bank of Texas Nat. Ass'n, 1999 WL 977757, at *1 (N.D. Tex. 1999) (plaintiff's tax returns suggested he had enough assets to pay court costs); McKay, 2014 WL 12703992, *5 (court ordered each party to pay its own costs and declined to award costs to defendant where plaintiffs acted in good faith

4

and had extremely limited resources, and the suit presented intricate legal issues never before addressed directly to the Fifth Circuit).

In this case, although Gaines appears to have prosecuted in good faith, he has not offered any evidence, other than self-serving statements in a brief, to support his claim of indigence.[1]  Therefore, Plaintiff has not carried his burden of showing he is unable to pay the taxed court costs due to indigence.  No other factor or circumstance warrants Gaines's requested relief.

## III.   Order

IT IS ORDERED that Gaines' unsupported Motion to Review and Dismiss Costs (Doc. 131) is DENIED.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  16th  day of November, 2017.

                                                    _____
                                                    Joseph H.L. Perez-Montes
                                                    United States Magistrate Judge

---

[1] It noted that, although Defendant complains this case was been pending more than four years, Defendant did not file its motion for summary judgment until the case had been pending for three years.  Although Defendant filed two motions to compel discovery, those motions were both filed and resolved in 2014.  Plaintiff's first deposition was taken in September 2014, and the other three depositions were taken in February 2016.  It appears the length of time this case has been pending is attributable, in part, to Defendant.